**In the MATTER OF David A. COLLINS, Respondent.**

**Appellate Case Nos. 2016–001503 & 2016–1504**

Supreme Court of South Carolina.

July 20, 2016

## ORDER

The Office of Disciplinary Counsel petitions this Court to place respondent on interim suspension pursuant to Rule 17(b) of the Rules for Lawyer Disciplinary Enforcement (RLDE) contained in Rule 413 of the South Carolina Appellate Court Rules (SCACR). The petition also seeks appointment of the Receiver pursuant to Rule 31, RLDE, Rule 413, SCACR. Respondent consents to the relief requested in the petition.

IT IS ORDERED that respondent's license to practice law in this state is suspended until further order of this Court.

IT IS FURTHER ORDERED that Peyre Thomas Lumpkin, Esquire, Receiver, is hereby appointed to assume responsibility for respondent's client files, trust account(s), escrow account(s), operating account(s), and any other law office accounts respondent may maintain. Mr. Lumpkin shall take action as required by Rule 31, RLDE, Rule 413, SCACR, to protect the interests of respondent's clients. Mr. Lumpkin may make disbursements from respondent's trust account(s), escrow account(s), operating account(s), and any other law office accounts respondent may maintain that are necessary to effectuate this appointment.

This Order, when served on any bank or other financial institution maintaining trust, escrow and/or operating account(s) of respondent, shall serve as an injunction to prevent respondent from making withdrawals from the account(s) and shall further serve as notice to the bank or other financial institution that Peyre Thomas Lumpkin, Esquire, Receiver, has been duly appointed by this Court.

Finally, this Order, when served on any office of the United States Postal Service, shall serve as notice that Peyre Thomas Lumpkin, Esquire, Receiver, has been duly appointed by this Court and has the authority to receive respondent's mail and the authority to direct that respondent's mail be delivered to Mr. Lumpkin's office.

Mr. Lumpkin's appointment shall be for a period of no longer than nine months unless an extension of the period of appointment is requested.

Within fifteen days of the date of this order, respondent shall serve and file the affidavit required by Rule 30, RLDE. Should respondent fail to timely file the required affidavit, he may be held in civil and/or criminal contempt of this Court as provided by Rule 30, RLDE.

s/Costa M. Pleicones, C.J.