# THE STATE OF SOUTH CAROLINA
## In The Supreme Court

In the Matter of John Kevin Owens, Respondent.

Appellate Case No. 2016-001741

---

Opinion No. 27689
Submitted November 16, 2016 – Filed December 7, 2016

---

## DISBARRED

---

Lesley M. Coggiola, Disciplinary Counsel, and Ericka M. Williams, Senior Assistant Disciplinary Counsel, both of Columbia, for Office of Disciplinary Counsel.

Robert Clyde Childs, III, Childs Law Firm, of Greenville, for Respondent.

---

**PER CURIAM:**  In this attorney disciplinary matter, respondent and the Office of Disciplinary Counsel (ODC) have entered into an Agreement for Discipline by Consent (Agreement) pursuant to Rule 21 of the Rules for Lawyer Disciplinary Enforcement (RLDE) contained in Rule 413 of the South Carolina Appellate Court Rules (SCACR).  In the Agreement, respondent admits misconduct and consents to disbarment with conditions.  He requests the disbarment be imposed retroactively to March 5, 2014, the date of his interim suspension.  *In the Matter of Owens*, 407 S.C. 225, 755 S.E.2d 113 (2014).  We accept the Agreement and disbar respondent from the practice of law in this state, retroactive to the date of his interim suspension.  In addition, we impose the conditions set forth in this opinion.  The facts, as set forth in the Agreement, are as follows.

**Matter A**

Respondent was retained on February 26, 2013, to represent Client A in a domestic matter. Respondent was paid $1,000 for his representation. On March 6, 2013, Respondent sent a letter to Client A indicating he was enclosing a copy of the complaint he had forwarded to the family court for filing. Respondent stated he would serve the opposing party as soon as he received the filed copy back from the family court. In fact, Respondent never filed the complaint with the family court. Client A eventually terminated the representation and requested a refund of his unused retainer. Respondent did not return the unearned portion of the fee.

ODC mailed a Notice of Investigation to Respondent on June 10, 2013, requesting a response within fifteen (15) days. When no response was received, Respondent was served with a letter pursuant to *In the Matter of Treacy*, 277 S.C. 514, 290 S.E.2d 240 (1982), again requesting Respondent's response. Respondent responded on October 22, 2013, when he appeared for an on-the-record interview pursuant to Rule 19(b), RLDE.

**Matter B**

On February 19, 2013, Respondent was retained to represent Client B in a domestic matter. Client B paid Respondent $1,400 for the representation. Because Client B was out of the country, Respondent was directed to communicate with Client B's mother.

On March 13, 2013, Respondent sent an email to Client B's mother which read, "Attached is the copy of the complaint I have filed with the Family Court in [Client B's] divorce proceeding. I should reeve (sic) the cocked (sic) copy back in several days and will begin the process of serving it through publication in a local newspaper obviously without any identifying information." At the time, Respondent had not filed any documents with the family court on Client B's behalf, and in fact, Respondent never filed the referenced complaint.

On May 22, 2013, this Court placed Respondent on administrative suspension for failure to comply with continuing legal education (CLE) requirements. Lawyer did not inform Client B or her mother of his administrative suspension.

Client B terminated Respondent's representation on June 3, 2013, and requested a refund of the entire amount paid to Respondent. Respondent failed to timely refund the unearned portion of his fee. ODC mailed a Notice of Investigation to

Respondent on June 17, 2013, requesting a response within fifteen (15) days. Respondent's written response was hand delivered on October 22, 2013, when Respondent appeared for an interview with ODC.

## Matter C

Pursuant to Rule 416, SCACR, the South Carolina Bar Resolution of Fee Disputes Board (RFDB) ordered Respondent to pay Client B the amount of $1,400. After Respondent failed to pay Client B, a certificate of non-compliance was issued by RFDB. ODC mailed a Notice of Investigation to Respondent on October 7, 2013, requesting a response within fifteen (15) days. Respondent's written response was received by Disciplinary Counsel on July 14, 2014.

## Matter D

Respondent submitted a letter to South Carolina Farm Bureau Insurance (Farm Bureau) asserting his representation of Client C in connection with a claim arising from an automobile accident. After agreeing to settle the claim, Farm Bureau issued two checks to Respondent made payable to Respondent for Client C. Farm Bureau issued a written request to Respondent to hold the drafts in trust and not disburse any funds until a release was fully executed and returned to the claims adjuster. Respondent negotiated the checks. Despite numerous requests and reminders, Respondent failed to deliver the release to Farm Bureau. Further, Respondent failed to disburse any proceeds of the settlement to Client C.

Respondent failed to safeguard Client C's settlement and converted the funds for Respondent's personal use. ODC mailed a Notice of Investigation to Respondent on December 30, 2013, requesting a response within fifteen (15) days. On January 8, 2014, Disciplinary Counsel issued a Notice to Appear requesting Respondent's appearance on February 6, 2014, for an interview. Prior to his scheduled appearance, Respondent retained counsel, and the appearance was continued at the request of counsel. Respondent's written response was received on July 14, 2014.

## Matter E

While administratively suspended, Respondent agreed to represent Client D in a civil matter concerning Client D's business. Respondent accepted payment from Client D but did not do any work on Client D's behalf. Due to Respondent's failure

to do any work on the matter, a default judgment was entered against Client D's company.

ODC mailed a Notice of Investigation to Respondent, requesting a response within fifteen (15) days. When no response was received, Respondent was served with a letter pursuant to *In the Matter of Treacy*, 277 S.C. 514, 290 S.E.2d 240 (1982), again requesting Respondent's response. Respondent's written response was received on July 14, 2014.

## Matter F

While administratively suspended, Respondent agreed to represent Client F on a probate matter. Client F paid Respondent $600. Respondent did not perform any legal services for Client F and converted the money paid by Client F for Respondent's personal use. ODC mailed a Notice of Investigation to Respondent on March 12, 2014, requesting a response within fifteen (15) days. When no response was received, Respondent was served with a letter pursuant to *In the Matter of Treacy*, 277 S.C. 514, 290 S.E.2d 240 (1982), again requesting Respondent's response. Respondent's written response was received on July 14, 2014.

## Matter G

Respondent accepted $750 to complete a will for Client G after his license was administratively suspended. Respondent did not complete the will for Client G and failed to adequately communicate with Client G. Respondent later reimbursed Client G the amount of $750.

ODC mailed Respondent a Notice of Investigation on March 12, 2014, requesting a response within fifteen (15) days. When no response was received, Respondent was served with a letter pursuant to *In the Matter of Treacy*, 277 S.C. 514, 290 S.E.2d 240 (1982), again requesting Respondent's response. Respondent's written response was received on July 14, 2014.

## Matter H

Respondent represented Client H prior to being administratively suspended. After Respondent's suspension, Respondent accepted additional fees of approximately $6,975 from Client H. Respondent maintains some of the fees were for services

performed prior to his suspension. However, Respondent acknowledges he also accepted fees for work he did not perform. Respondent later reimbursed Client H $10,000.

ODC mailed a Notice of Investigation to Respondent on March 12, 2014. When no response was received, Respondent was served with a letter pursuant to *In the Matter of Treacy*, 277 S.C. 514, 290 S.E.2d 240 (1982), again requesting Respondent's response. Respondent's written response was received on July 14, 2014.

## Matter I

In September 2012, Client I retained Respondent for representation in a domestic matter. Respondent received $350 for the representation. Respondent prepared a summons and complaint that was filed on September 13, 2012. A temporary hearing was held on October 22, 2012. A final hearing was held on January 31, 2013. Respondent was administratively suspended prior to the completion of a final order in the domestic matter. As part of a plea agreement reached in the criminal case discussed in Matter R below, Respondent agreed to reimburse Client I the amount of $350.

ODC mailed a Notice of Investigation to Respondent on March 12, 2014. When no response was received, Respondent was served with a letter pursuant to *In the Matter of Treacy*, 277 S.C. 514, 290 S.E.2d 240 (1982), again requesting Respondent's response. Respondent's written response was received on July 14, 2014.

## Matter J

Client J paid respondent $500 to represent him in a matter involving the South Carolina State Guard. At the time Respondent accepted the fee, his license to practice law had been administratively suspended. Respondent did not perform any legal services for Client J and converted the $500 paid by Client J for Respondent's personal use. Respondent later reimbursed Client J the amount of $500.

ODC mailed a Notice of Investigation to Respondent on March 12, 2014. When no response was received, Respondent was served with a letter pursuant to *In the Matter of Treacy*, 277 S.C. 514, 290 S.E.2d 240 (1982), again requesting

Respondent's response. Respondent's written response was received on July 14, 2014.

## Matter K

After his administrative suspension, Respondent accepted $1,500 to represent Client K in a civil matter. Respondent performed legal services for Client K while Respondent was administratively suspended by this Court. Respondent failed to adequately communicate with Client K. Respondent refunded $1,500 to Client K.

ODC mailed a Notice of Investigation to Respondent on March 12, 2014. When no response was received, Respondent was served with a letter pursuant to *In the Matter of Treacy*, 277 S.C. 514, 290 S.E.2d 240 (1982), again requesting Respondent's response. Respondent's written response was received on July 14, 2014.

## Matter L

Client L retained Respondent prior to Respondent's administrative suspension. Respondent was paid $1,387.50 by Client L to prepare a deed, wills and durable powers of attorney. Respondent continued to work for Client L following his suspension. Respondent failed to adequately communicate with Client L regarding the status of Client L's matters.

ODC mailed a Notice of Investigation to Respondent on March 12, 2014. When no response was received, Respondent was served with a letter pursuant to *In the Matter of Treacy*, 277 S.C. 514, 290 S.E.2d 240 (1982), again requesting Respondent's response. Respondent's written response was received on July 14, 2014.

## Matter M

On May 10, 2013, Client M's grandfather paid $500 to Respondent to review Client M's criminal charges. At that time, Client M was represented by another attorney. Respondent made several inquiries about Client M's situation. After Respondent was placed on administrative suspension, Responded failed to adequately communicate with Client M and did not adequately explain the scope and extent of his representation. Respondent did not perform any legal work on Client M's behalf, and a public defender was appointed to represent Client M.

Respondent did not refund the unused portion of the fee paid to him for the representation of Client M.

ODC mailed a Notice of Investigation to Respondent on March 12, 2014. When no response was received, Respondent was served with a letter pursuant to *In the Matter of Treacy*, 277 S.C. 514, 290 S.E.2d 240 (1982), again requesting Respondent's response. Respondent's written response was received on July 14, 2014.

## Matter N

Client M's mother paid Respondent $5,280 to represent Client M in connection with criminal charges. Of the funds received, Respondent paid $800 on behalf of Client M for restitution. Respondent admits he received a portion of the funds after he was placed on administrative suspension. Respondent failed to adequately communicate with Client M or Client M's mother. Respondent did not refund the unearned portion of the fee paid to him for the representation. Respondent also failed to hold the fees in trust until earned. Respondent later reimbursed Client M the amount of $500.

ODC mailed a Notice of Investigation to Respondent on July 18, 2014, requesting a response within fifteen (15) days. When no response was received, Respondent was served with a letter pursuant to *In the Matter of Treacy*, 277 S.C. 514, 290 S.E.2d 240 (1982), again requesting Respondent's response. Respondent's written response was received on October 3, 2014.

## Matter O

Client N paid Respondent $1,500 to complete a qualified domestic relations order (QDRO). Respondent failed to complete the QDRO and failed to adequately communicate with Client N regarding the matter. After Respondent was administratively suspended from the practice of law, he failed to refund the unused portion of the fee. Respondent also failed to hold the fees in trust until earned.

On July 18, 2014, ODC mailed a Notice of Investigation to Respondent, requesting a response within fifteen (15) days. When no response was received, Respondent was served with a letter pursuant to *In the Matter of Treacy*, 277 S.C. 514, 290 S.E.2d 240 (1982), again requesting Respondent's response. Respondent's written response was received on October 3, 2014.

## Matter P

Client P retained Respondent to represent him in a domestic matter. Respondent quoted Client P a fee of $750 plus costs for the representation, which Client P paid in installments. Respondent received a portion of the fees and costs after he was placed on administrative suspension. Respondent failed to do any work in furtherance of the representation. According to Respondent, he could not begin work on the matter until Client P paid the outstanding amount of his child support obligations. Respondent did not hold the fees and costs in trust and also did not refund Client P's fees and costs upon Respondent's suspension.

On August 4, 2014, ODC mailed a Notice of Investigation to Respondent, requesting a response within fifteen (15) days. When no response was received, Respondent was served with a letter pursuant to *In the Matter of Treacy*, 277 S.C. 514, 290 S.E.2d 240 (1982), again requesting Respondent's response. Respondent's written response was received on October 3, 2014.

## Matter Q

Client P paid Respondent $1,500 to complete guardianship paperwork for Client P's relative. At the time Respondent received the funds, he was employed by a law firm. Respondent left the law firm before completing the guardianship paperwork. Respondent did not deposit the funds paid by Client P in the firm's trust account and did not refund any portion of the fee to Client P. Respondent failed to notify Client P when he left the law firm, and he failed to adequately communicate with Client P regarding the status of the guardianship. Another attorney in the firm continued the work on Client P's behalf without additional compensation.

## Matter R

On June 13, 2016, Respondent pled of guilty to one count of Unauthorized Practice of Law. Respondent was sentenced to five years and a $5,000 fine, suspended on service of five years' probation and payment of restitution. The order further provided probation could be terminated after no less than thirty months if Respondent paid all ordered restitution. According to the Attorney General's office, the plea resolved claims of Unauthorized Practice of Law and Breach of Trust for Clients B, F, G, H, I, J, K, L and M, above.

**Violations of the Rules of Professional Conduct**

Respondent admits he violated the following provisions of the Rules of Professional Conduct, Rule 407, SCACR: Rule 1.3 (a lawyer shall act with reasonable diligence in representing a client); Rule 1.4 (a lawyer shall keep his or her client reasonably informed and comply with reasonable requests for information); Rule 1.5 (a lawyer must refund the unearned portion of a fee upon termination); Rule 1.15(c) (a lawyer shall deposit into a client trust account unearned legal fees and expenses that have been paid in advance, to be withdrawn by the lawyer only as fees are earned or expenses incurred); Rule 1.15(d) (upon receiving funds in which a client has an interest, a lawyer shall promptly notify the client and shall promptly deliver to the client any funds the client is entitled to receive and, upon request by the client or third person, shall promptly render a full accounting regarding such property); Rule 1.16(a) (a lawyer shall withdraw from representation of a client if the representation will result in violation of the Rules of Professional Conduct or other law); Rule 1.16(d) (upon termination of representation, a lawyer must return the unearned fee to the client); Rule 3.2 (a lawyer shall make reasonable efforts to expedite litigation consistent with the interests of the client); Rule 5.5(a) (a lawyer shall not practice law in a jurisdiction in violation of any regulation of the legal profession in that jurisdiction); Rule 8.1(b) (a lawyer shall not knowingly fail to respond to a lawful demand for information from a disciplinary authority in a disciplinary matter); Rule 8.4(a) (it is professional misconduct for a lawyer to violate the Rules of Professional Conduct); Rule 8.4(b) (it is professional misconduct for a lawyer to commit a criminal act that reflects adversely on the lawyer's honesty, trustworthiness or fitness as a lawyer); Rule 8.4(d) (it is professional misconduct for a lawyer to engage in conduct involving dishonesty, fraud, deceit or misrepresentation); and Rule 8.4(e) (it is professional misconduct for a lawyer to engage in conduct that is prejudicial to the administration of justice).

**Conclusion**

We accept the Agreement for Discipline by Consent and disbar Respondent from the practice of law in this state, retroactive to March 5, 2014, the date of his interim suspension. In addition, we impose the following conditions:

1. within thirty (30) days of the date of this opinion, Respondent shall pay the costs incurred in the investigation and prosecution of this matter by ODC and the Commission on Lawyer Conduct (the Commission);

2. Respondent shall complete the South Carolina Bar's Legal Ethics and Practice Program Ethics School and Trust Account School prior to seeking readmission;

3. within sixty days of the date of this opinion, Respondent shall enter into a restitution agreement with the Commission for the payment of restitution in the following amounts to the following clients, reduced by any payment made by the Lawyer's Fund for Client Protection (Lawyers' Fund) to or on behalf of the client, and shall repay the Lawyers' Fund for any payments it has made to Respondent's former clients on Respondent's behalf:

   (a)  $1,000 to Client A;

   (b)  $7,000 to Client C;

   (c)  $300 to Client D;

   (d)  $3,980 to Client M;

   (e)  $1,500 to Client N; and

   (f)  $750 to Client P.

4. Respondent shall comply with the terms of the June 13, 2016 Order of Restitution issued by the Court of General Sessions.

Within fifteen (15) days of the date of this opinion, Respondent shall file an affidavit with the Clerk of Court showing that he has complied with Rule 30 of Rule 413, SCACR, and shall also surrender his Certificate of Admission to the Practice of Law to the Clerk of Court.

**DISBARRED.**

**PLEICONES, C.J., BEATTY, KITTREDGE, HEARN and FEW, JJ., concur.**