# THE STATE OF SOUTH CAROLINA
## In The Supreme Court

In the Matter of David A. Collins, Respondent.

Appellate Case No. 2020-000624

---

Opinion No. 27984
Submitted May 22, 2020 – Filed June 24, 2020

---

### DISBARRED

---

John S. Nichols, Disciplinary Counsel, and Ericka
McCants Williams, Assistant Disciplinary Counsel, both
of Columbia, for the Office of Disciplinary Counsel.

Harvey M. Watson III, of Ballard & Watson, of West
Columbia, for Respondent.

---

**PER CURIAM:**   In this attorney disciplinary matter, Respondent and the Office
of Disciplinary Counsel (ODC) have entered into an Agreement for Discipline by
Consent (the Agreement) pursuant to Rule 21, RLDE, Rule 413, SCACR.  In the
Agreement, Respondent admits misconduct and consents to the imposition of
disbarment.  We accept the Agreement and disbar Respondent from the practice of
law in this state, retroactive to the date of his interim suspension.[1]  The facts, as set
forth in the Agreement, are as follows.

---

[1] The Court placed Respondent on interim suspension on July 20, 2016.  *In re Collins*, 417 S.C.
72, 789 S.E.2d 577 (2016).

# Facts

*Matter I*

In February 2016, Respondent received two checks, each for $225,000, from his clients to make a settlement offer to resolve a civil litigation matter (the Walters/Taylor funds). Respondent deposited one check into his trust account on February 12, 2016, and the other on February 22, 2016. Prior to making these deposits, Respondent's trust account contained a balance of $184.55. After depositing the first check on February 12, 2016, Respondent conducted a series of eighty-six unauthorized electronic funds transfers from the Walters/Taylor funds in his trust account to his law firm operating account and an account identified in the Agreement as "****3183****." By July 6, 2016, the Walters/Taylor funds were significantly depleted, with only $63,957.36 remaining in the trust account.

On June 17, 2016, the clients requested the return of the Walters/Taylor funds because Respondent was unable to produce settlement documents. On July 17, 2016, Respondent falsely stated to his clients that he had used the Walters/Taylor funds to invest in a company producing military supplies, he would be receiving profits from that investment in the near future, and he would pay the clients back. At his clients' insistence, Respondent accessed his trust account online and showed the clients the account balance. Unable to convince the clients to allow him to leave $10,000 in the account because "it wasn't their money," Respondent delivered two certified checks for $31,500 each to the clients, leaving a balance of $52.44 in the trust account.

Respondent was arrested and charged with breach of trust with fraudulent intent, value $10,000 or more. On March 2, 2020, Respondent pled guilty and was sentenced to ten years' imprisonment, suspended to five years' probation. Respondent was ordered to pay $30,000 in restitution at a rate of not less than $500 per month, and complete 250 hours of public service employment.

*Matter II*

On May 9, 2013, Respondent received $72,383.29 from the proceeds of a sale of jointly owned property (the English/Sexton funds). Respondent was to hold the English/Sexton funds in trust pending resolution of a dispute between the sellers as to the distribution of the money. Respondent deposited the proceeds into his

trust account on May 10, 2013. On May 14, 2013, Respondent began a series of sixteen unauthorized electronic funds transfers from the English/Sexton funds in his trust account to his law firm operating account and the ****3183**** account. By September 9, 2013, the English/Sexton funds were depleted with only $6.81 remaining in Respondent's trust account.

On October 15, 2014, the Master-in-Equity presiding over the dispute between the sellers regarding the distribution of the English/Sexton funds issued an order requiring Respondent to disburse $48,426.90 of the English/Sexton funds to E. Sexton; $18,112.69 to J. White; and $5,460.51 to J. English. On November 10, 2014, at a hearing before the Master, Respondent falsely represented that he was holding the funds in trust pending resolution of the case. On the day of the hearing, Respondent's trust account contained $86.81 and his operating account $1.16.

## *Matter III*

Respondent was hired to represent clients in a civil action. On February 26, 2016, Respondent entered into an "Agreed Order Regarding Sanctions and Limiting Evidence," in which Respondent agreed to a sanction of $2,500. Respondent paid the sanction from his personal funds. Respondent did not consult with his clients prior to or after entering into the agreement. The clients learned of the sanctions order during a March 2016 deposition.

In July 2016, the opposing party moved for summary judgment. The trial court granted summary judgment on July 14, 2016, shortly before the Court placed Respondent on interim suspension. Respondent did not inform his clients of the summary judgment order prior to his suspension. The clients received their file from the Receiver on August 28, 2016, and did not learn of the deficiencies that led to the trial court's grant of summary judgment until August 24, 2016, after the deadline to seek a motion to alter or amend the judgment or file an appeal.

## *Matter IV*

Respondent used the misappropriated English/Sexton funds and Walters/Taylor funds to pay for office supplies, payroll, phone bills, continuing legal education classes, and at least one political donation. Respondent also made payments towards personal debts, payments to business partners, and payments to himself in cash.

From May 2013 through July 2016, Respondent processed numerous client transactions unrelated to the English/Sexton funds or the Walters/Taylor funds through his trust account. Respondent was unable to demonstrate he properly handled those other funds because he failed to maintain records of deposit, a receipts and disbursements journal, client ledgers, or monthly reconciliations, as required by Rule 417, SCACR (Financial Recordkeeping).

## Law

Respondent admits that, by his conduct, he violated Rules 1.15(a) (holding client property or property of third persons separate from the attorney's own property and keeping financial records related to the property); 1.15(d) (requiring, upon receiving funds in which a client or third party has an interest, (1) an attorney notify the client or third party, (2) prompt delivery of the funds to the client or third party upon request, and (3) prompt rendering of a full accounting regarding such property); and 1.15(g) (forbidding the use or pledging of any entrusted property to obtain credit or other personal benefit for the attorney), RPC, Rule 407, SCACR. Respondent further admits his conduct violated Rules 8.4(b) (committing a criminal act that reflects adversely on an attorney's honesty, trustworthiness, or fitness); 8.4(d) (engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation); and 8.4(e) (engaging in conduct that is prejudicial to the administration of justice), RPC, Rule 407, SCACR.

Respondent also admits his conduct constitutes grounds for discipline under Rule 7(a)(1), (4), and (5), RLDE, Rule 413, SCACR (violating the Rules of Professional Conduct; being convicted of a crime of moral turpitude or a serious crime; and engaging in conduct tending to pollute the administration of justice or bringing the courts or the legal profession into disrepute).

## Conclusion

We find Respondent's misconduct warrants disbarment. Accordingly, we accept the Agreement and disbar Respondent from the practice of law in this state, retroactive to the date of this interim suspension. Respondent shall pay the costs incurred in the investigation and prosecution of this matter by ODC and the Commission on Lawyer Conduct (the Commission) within thirty (30) days of the date of this opinion. Respondent shall also enter into a restitution agreement with

the Commission within sixty (60) days of the date of this opinion for the payment of restitution to the clients from whom he misappropriated funds.

Further, in addition to completing the requirements for reinstatement outlined in Rule 33, RLDE, Rule 413, SCACR, Respondent shall complete the Legal Ethics and Practice Program Trust Account School prior to seeking reinstatement. Finally, within fifteen (15) days of the date of this opinion, Respondent shall file an affidavit with the Clerk of Court showing he has complied with Rule 30, RLDE, Rule 413, SCACR, and shall also surrender his Certificate of Admission to the Practice of Law to the Clerk of Court.

**DISBARRED.**

**BEATTY, C.J., KITTREDGE, HEARN, FEW and JAMES, JJ., concur.**